United States District Court
Southern District of Texas
**ENTERED**
June 15, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MUHAMMED IQBAL JABARKHEL | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-2359 |
| | § | |
| WARDEN, HOUSTON CONTRACT DETENTION CENTER, *et al.* | § | |
| | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Petitioner Muhammed Iqbal Jabarkhel is detained in the custody of officials with Immigration and Customs Enforcement (ICE). Through counsel, the petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1). On May 13, 2026, the Court ordered the respondents to file an expedited answer in 10 days (Dkt. 9). The answer was due on or before Saturday, May 23, 2026. Because of the weekend and a federal holiday, the deadline was automatically extended until Tuesday, May 26, 2026. FED. R. CIV. P. 6(a)(1).

On May 26, 2026, the federal respondents filed a motion for an extension of time requesting an additional 10 days, until Friday, June 5, 2026, to respond to the petition. This requested extension would allow the respondents 23 days to answer from the date the order to answer was entered, more than double the original response period. The respondents' motion stated that "[m]ore time is needed" to review the petition, confer with immigration

authorities, obtain supporting information, and respond to the petition (Dkt. 10, at 1). It provided no case-specific information supporting the request other than a statement that the case "presents a *Zadvydas* claim" and "may necessitate" an affidavit from immigration officials (*id.* at 1-2). The petitioner responded in opposition arguing that the respondents had not shown good cause for the extension. Among other facts, the petitioner submits that he has been detained since February 2025; that respondents should be in possession of all materials relevant to his detention and that only a specific subset is relevant to the *Zadvydas* inquiry; that the respondents should have considered all relevant facts and memorialized their decision before his petition was filed; that the petitioner has been separated from his family for over a year; and that each additional day of detention furthers his irreparable harm (Dkt. 11).

On June 5, 2026, the respondents filed a response and motion for summary judgment (Dkt. 12). The respondents did not seek the Court's leave to file the document.

Federal Rule of Civil Procedure 6(b) permits a court in its discretion to extend time "for good cause." FED. R. CIV. P. 6(b); *McCarty v. Thaler*, 376 F. App'x 442, 443-44 (5th Cir. 2010). The Court ordered an expedited answer in this case given the time-sensitive nature of the petitioner's habeas claims. *See* 28 U.S.C. § 2241; 28 U.S.C. § 2243. The respondents' statement that more time is needed, without more and with no detail specific to the case other than reciting the nature of his claim, does not suffice to show good cause.

The Court in its discretion **DENIES** the motion for an extension of time (Dkt. 10). The response and motion for summary judgment (Dkt. 12) is **STRICKEN** from the record.

The respondents may, if warranted, file a motion for leave to file their response within 3 days of the date of this order and include sufficient facts supporting the request.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on June 12, 2026.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE